# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DERRICK NANCE, | CASE NO. 1:98-cv-06281-AWI-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 163) |
| PLEASANT VALLEY STATE PRISON, et al., | |
| Defendants. | |

**Order on Motion for Reconsideration**

**I.    Procedural History**

Plaintiff Ronald Derrick Nance is a state prisoner who was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 19, 2003, Defendants' motion to dismiss was granted, and this action was dismissed, without prejudice, based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a). On February 11, 2005, the United States Court of Appeals for the Ninth Circuit affirmed the dismissal. On November 4, 2009, Plaintiff filed a motion seeking to set aside judgment.[1]
Defendants did not file a response.

///

///

---

[1] Although filed on a form petition for writ of habeas corpus, Plaintiff is clearly seeking to reopen his civil rights case.

1

II.   **Legal Standard**

Plaintiff's appeal of the dismissal of this action was affirmed by the Ninth Circuit, and mandate issued. Fed. R. App. P. 41. Therefore, the Court has jurisdiction to consider Plaintiff's motion to set aside judgment. Standard Oil Co. of California v. United States, 429 U.S. 17, 18-9, 97 S.Ct. 31 (1976); Gould v. Mutual Life Insurance Co. of New York, 790 F.2d 769, 772-73 (9th Cir. 1986).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).

Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

III.  **Discussion**

   A.   **Timeliness of Motion**

A motion for reconsideration must be brought within a reasonable time. Fed. R. Civ. P. 60(c)(1). In determining whether the motion was brought within a reasonable time, courts look to "'the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other

1  parties.'" Lemoge v. United States, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (quoting Ashford v.
2  Steuart, 657 F2d. 1053, 1055 (9th Cir. 1981)); also In re Pacific Far East Lines, Inc., 889 F.2d 242,
3  249 (9th Cir. 1989).

4        This action was filed more than eleven years ago and necessarily concerned events arising prior to that time. Judgment was entered almost seven years ago, and that judgment was affirmed on appeal more than five years ago. Certainly the interest in finality weighs against Plaintiff given the sheer number of years which have passed.

8        Plaintiff offers no explanation for the almost seven year delay between entry of judgment and the filing of his motion seeking reconsideration, or the more than five year delay between the affirmance of the dismissal on appeal and the filing of the motion. Plaintiff states only that, after carefully researching the case, he believes the Court erred in dismissing it, and he then proceeds to set forth the reasons he believes the dismissal was in error. (Doc. 163, Motion, p. 3.)

13        In addition to proffering no explanation for the extraordinary delay in bringing the motion, the grounds raised in the motion do not appear to be based on new facts which could not have been known to Plaintiff at the time or to be based on a change in the law. Plaintiff asserts that the Court erred in dismissing this action for failure to exhaust because the appeals coordinator failed to forward his appeal to the next level of review, the process was futile, and individuals released from prison prior to filing suit need not exhaust. All of these grounds were or should have been known to Plaintiff at the time Defendants brought their motion to dismiss, allowing him to raise them in opposition to the motion.

21        Indeed, in his motion, Plaintiff directs the Court's attention to Greig v. Goord, 169 F.3d 165, 167 (2d Cir. 1999), which held that former prisoners who file suit after release are not required to exhaust. (Doc. 163, pp. 4, 5.) Not only is Greig not a newly decided case but it was already cited to by Plaintiff in the underlying proceedings and considered by the Magistrate Judge in recommending that Defendants' motion to dismiss be granted. (Doc. 147, p. 3:24-4:3.) Also considered by the Court was Plaintiff's admission that he was a prisoner when he filed this action. (Doc. 140, Opp. to MTD, p. 11; Doc. 163, 3:23-24.) Reconsideration is not intended to allow

28  ///

Plaintiff to rehash issues already considered by the Court. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

The factors discussed herein weigh in favor of finding Plaintiff's motion untimely, and the Court so finds.

**IV.     Conclusion and Order**

Plaintiff has not set forth any justification for bringing his motion years after both the dismissal of this action and the affirmance of the dismissal on appeal. The Court finds that Plaintiff's motion was not brought within a reasonable time and it is HEREBY DENIED on that ground.

IT IS SO ORDERED.

Dated:     June 28, 2010

CHIEF UNITED STATES DISTRICT JUDGE

4